UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMANDA L.,

                                                                                                                                <u>DECISION AND ORDER</u>

                       Plaintiff,

                                                                                                                  20-CV-1289L

               v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                       Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On August 10, 2017, plaintiff, then thirty-seven years old, filed applications for a period of disability and disability insurance benefits, and supplemental security income ("SSI"), alleging an inability to work since August 25, 2016 – later amended to October 16, 2017. (Administrative Transcript, Dkt. #7-2 at 64). Those applications were initially denied. The plaintiff requested a hearing, which was held on September 25, 2019, before administrative law judge ("ALJ") Stephan Bell. The ALJ issued an unfavorable decision on October 7, 2019, finding plaintiff not disabled. (Dkt. #7-2 at 64-78). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 17, 2020. (Dkt. #7-2 at 1-4).

       The plaintiff has moved for remand of the matter for further administrative proceedings (Dkt. #12), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings,

pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, including treatment and surgical records for degenerative disc disease of the cervical and lumbar spine, status-post fusion surgeries, post-laminectomy syndrome, depressive disorder, anxiety disorder, personality disorder, borderline personality disorder with adjustment order and opioid dependence, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #7-2 at 67).

Applying the special technique for mental impairments, the ALJ found that plaintiff had mild limitations in understanding, remembering, and applying information, moderate limitations in interacting with others, mild limitations in concentration, persistence, and pace, and moderate limitations in adapting and managing herself. (Dkt. #7-2 at 69-70).

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she can push and pull only the amount of weight she can lift or carry.[1] She can no more than frequently reach overhead and in all

---

[1] Sedentary work involves the lifting and carrying of no more than ten pounds at a time. 20 C.F.R. §404.1567(a).

directions to the left and right. She can no more than occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. Plaintiff can no more than occasionally balance, stoop, kneel, crouch, or crawl. She can never work at unprotected heights, around moving mechanical parts, or in a setting with vibration, and can never operate a motor vehicle as a job duty. She is limited to simple, routine, and repetitive tasks, involving only simple work-related decisions. She can occasionally interact with supervisors and coworkers, but never with the public. (Dkt. #7-2 at 71).

When provided with this RFC as a hypothetical at the hearing, vocational expert Michael Smith testified that such an individual could not return to plaintiff's past relevant work as a correction officer or preparation cook, but could perform the representative sedentary positions of addresser, document preparer, and polisher of eyeglass frames. (Dkt. #7-2 at 76-77). The ALJ accordingly found plaintiff not disabled.

I.    The ALJ's Weighing of Medical Opinion Evidence

Plaintiff argues that the ALJ failed to properly consider opinions by plaintiff's treating surgeon, Dr. William Capicotto, which stated that plaintiff was "totally" disabled.

The Court disagrees.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining

relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate her consideration of the medical opinion evidence, including how persuasive she finds the medical opinions of record, and must specifically explain how the supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022).

Dr. Capicotto began treating plaintiff on or around December 16, 2013, for injuries received in a motor vehicle accident on January 2, 2013. He eventually performed three spinal surgeries on plaintiff between December 2013 and October 2017. In treatment notes on December 14, 2016, January 29, 2018, February 8, 2019, and July 30, 2019, Dr. Capicotto stated that plaintiff was "markedly" or "totally" and "tempora[rily]" disabled due to spinal injuries attributable to the motor vehicle accident, but provided no details or function-by-function assessments to identify or quantify any particular work-related limitations. (Dkt. #7-8 at 735, #7-10 at 1144, 7-11 at 1156, #7-11 at 1215). The ALJ found Dr. Capicotto's opinions to be "evidence that is inherently neither valuable nor persuasive" pursuant to the applicable regulations, and declined to articulate their supportability or consistency. (Dkt. #7-2 at 75).

Initially, the ALJ was not obligated to credit any of Dr. Capicotto's opinions as to whether plaintiff was disabled. It has long been well-settled that a physician's opinion that a claimant is disabled is "not entitled to any weight, since the ultimate issue of disability is reserved for the Commissioner." *Taylor v. Barnhart*, 83 Fed. App'x 347, 349 (2d Cir. 2003). *See also Wojtkowski v. Commissioner*, 2019 U.S. Dist. LEXIS 146578 at *17 (W.D.N.Y. 2019) (ALJ did not err by rejecting physician's opinion on the basis that it "lacked specificity in plaintiff's ability to perform work-related functions" and "spoke to the ultimate issue of disability"); *Tucker v. Commissioner*,

2019 U.S. Dist. LEXIS 123541 at *10 (W.D.N.Y. 2019)("[a] treating physician's statement that the claimant is disabled cannot itself be determinative," and therefore ALJ did not err in declining to credit physician's opinion that plaintiff was "temporarily disabled").

Administrative regulations pertaining to the weighing of medical opinions have incorporated this principle, specifying that "[s]tatements on issues reserved to the Commissioner," including statements that a claimant is or is not disabled, are to be treated as "evidence that is neither valuable nor persuasive," and are exempted from the multi-factor analysis for medical opinions. 20 C.F.R. §§404.1520b(c)(3)(i); 416.920b(c)(3)(i). As such, I find no error in the ALJ's determination that Dr. Capicotto's opinions on the ultimate issue of disability were "neither valuable nor persuasive," or in her finding that Dr. Capicotto's conclusions were not entitled to further analysis. (Dkt. #7-2 at 75). *See generally Patrick F.G. v. Commissioner*, 2021 U.S. Dist. LEXIS 147109 at *8-*10 (W.D.N.Y. 2021)(ALJ committed no error in characterizing a prior Veterans Administration finding on the ultimate issue of disability as "neither valuable nor persuasive," and declining to analyze it).[2]

Moreover, while plaintiff does not explicitly set forth any other specific challenges to the ALJ's decision, the Court observes that the ALJ's findings were well-supported by substantial evidence. That evidence included treatment notes showing grossly normal findings, self-reported activities of daily living such as household chores and child care, and the medical opinions of a number of treating, examining and reviewing sources. These were comprised of: (1) an examining chiropractor (Dkt. #7-7 at 473), whose exertional RFC describing a "temporary partial disability," with a lifting restriction to 5 pounds, and avoidance of prolonged sitting and repetitive postural

---

[2] While the ALJ declined to analyze the supportability or consistency of Dr. Capicotto's opinions as to the ultimate issue of disability, the ALJ did properly consider Dr. Capicotto's treatment notes and the objective findings contained therein. The ALJ specifically referenced those records in her decision, correctly noting that they tended to show "normal range of motion, coordination, [and] strength without tenderness." (Dkt. #7-2 at 73).

activities, the ALJ found "slightly persuasive" (Dkt. #7-2 at 75); (2) consulting physician Dr. Nikita Dave (Dkt. #7-10 at 1003-1007), whose exertional RFC opinion describing mild-to-moderate limitations for prolonged standing, walking, lifting, carrying, and pushing/pulling of heavy objects, the ALJ found "somewhat persuasive" (Dkt. #7-2 at 75); (3) state agency consultant C. Krist (Dkt. #7-2 at 153-61), whose exertional RFC opinion suggesting a "light" RFC with moderate postural limitations the ALJ found "somewhat persuasive" (Dkt. #7-2 at 74); (4) examining psychologist Dr. John Miller (Dkt. #7-10 at 998-1002), whose mental RFC opinion finding moderate limitations in social interaction and self-control the ALJ found "very persuasive" (Dkt. #7-2 at 75); and (5) state agency consultant Dr. T. Iman-Dundon (Dkt. #7-2 at 153-61), whose mental RFC opinion limited to simple, low-contact work the ALJ found "persuasive."

The ALJ's findings concerning the supportability and consistency of each of these opinions were clearly and sufficiently explained. The RFC determination reached by the ALJ is largely consistent with those opinions and is otherwise well-supported by substantial evidence of record. I find no reason to disturb it.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The Commissioner's finding that plaintiff was not disabled is affirmed.

The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 18, 2022.